[Civ. No. 10065.  Second Appellate District, Division One.—April 17, 1935.]

ZUNILDA MANCINI, Respondent, v. S. GEORGE ULLMAN, Appellant.

Arthur C. Fisher for Appellant.

Herman Tepp, Ivan L. Hiler and Jay J. Stein for Respondent.

CONREY, P. J.—Appellant having filed his opening brief, respondent now moves to dismiss the appeal of defendant, or affirm the judgment, upon the ground that the questions upon which the decision depends are so unsubstantial as not to require argument. The record is presented in a printed transcript which contains the judgment roll, together with a bill of exceptions in which there are no specifications of insufficiency of the evidence to sustain the findings.

On several dates (January 23, 1928, April 12, 1929, and April 28, 1930), respondent, who resided in the city of New York, paid to appellant sums of money, in all amounting to $6,900, all solicited and received as part of a fund to be used for the construction of a monument in the city of Los Angeles, to commemorate the name of Rudolph Valentino. Appellant actually used for that purpose, only $2,000. The court found that his representations to respondent, by means of which he obtained the money, were knowingly false. The transcript begins with an amended complaint, and does not show the date of commencement of this action. However, we accept as presumably correct the statement of counsel in his brief, that the action was not commenced until October 23, 1933. But the facts shown by the findings are sufficient to excuse the failure of respondent to discover the fraud until May, 1933, when she promptly employed an attorney, and demanded repayment of the money sued for in this action, and then filed her complaint.

There is, therefore, no merit whatever in appellant's contention that the plaintiff's right of action is barred by the provisions of sections 338 and 339 of the Code of Civil Procedure; nor in the further defense based on the ground of laches of the plaintiff in delaying the commencement of her action.

There is no substantial basis for the claim of appellant that the court erred in allowing plaintiff to amend her amended complaint to conform to the proof. Appellant argues that the points of amendment did *not* conform to the proof. But the trial court thought differently, and in the light of the findings we must assume that the court's ruling on this matter was supported by the evidence. There was no miscarriage of justice in the rendition of judgment against appellant.

The judgment is affirmed.

Houser, J., and York, J., concurred.